IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LYDIA HALEY AND ESTATE OF**
**DARREL ELDEN HALEY, DECEASED**            **PLAINTIFFS**

**V.**            **CIVIL ACTION NO. 4:21-CV-061-MPM-JMV**

**JAMES FIFE AND JOHN DOES A, B AND C**            **DEFENDANTS**

**ORDER**

This matter is before the court on Defendant James Fife's Motion to Strike Portions of Plaintiff's Designation of Expert Witness or in the Alternative Motion in Limine to Limit Plaintiff's Expert Testimony to Facts and Opinions Contained in the Medical Records [39]. As explained more fully below, the undersigned finds that to the extent the designated expert, Dr. Luther Oakes, purports, as a treating physician, to offer at trial specific facts or opinions, if any, that are actually disclosed in counsel's expert designation or are actually contained in Dr. Oakes' treatment records, the same will not be stricken for insufficient disclosure.[1] Otherwise, the motion to strike is granted.

       **I.**       **Background**

By way of background, on May 13, 2021, Darryl Haley filed this lawsuit alleging that on May 5, 2019, the automobile in which he as riding was negligently struck in the rear by an automobile driven by the Defendant. Thereafter, on July 2, 2021, Darrel Haley filed an Amended Complaint to add an additional party, Plaintiff's wife, Lydia Haley, who asserts a loss of consortium claim. On December 20, 2021, well before the Case Management Order deadline for doing so, Plaintiff's counsel designated as an expert witness, Darrel Haley's treating physician,

---

[1] The court recognizes that this is not a *Daubert* challenge, the deadline for which does not expire until May 19, 2022.

Dr. Luther Oakes. Apparently due to unrelated causes, Darrel Haley died on January 28, 2022, during the pendency of this action. His wife, Lydia Haley, was duly appointed Executrix of his estate. She was then substituted for the deceased, Darrel Haley, in this case.

On March 31, 2022, the Defendant, James Fife, filed the instant motion and makes these arguments: First, while Dr. Oakes is a treating physician, his designation indicates that he is also being offered to provide testimony and opinions which go beyond his treating records without providing a written report or other specifics as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. To illustrate, the Defendant notes for example, that the designation indicates that Dr. Oakes is anticipated to testify as to

> the accepted medical procedures/protocols for diagnosing the multiple medical conditions caused by the subject accident, and the most common causes for such injuries/medical condition(s), including the mechanics of injury in the typical presentation and compare that with the injury and medical conditions suffered by Plaintiff. Ex. A p.2. Further, the Designation states that Dr. Oakes is expected to testify regarding "the accepted use and utility of published Life Expectancy Tables in the medical profession and identify under such Tables, what is the average life expectancy for Plaintiff Darrel Haley."

*See* Def.'s Br. at 1-2.

Secondly, Defendant argues that to the extent Dr. Oakes is offered only as a treating physician from whom no signed report is required for designation, the matters referenced in his designation do not constitute a summary of the facts and opinions he is expected to testify to as is required of non-retained treating experts pursuant to Rule 26(a)(2)(B). As such, the designation is insufficient. Because of these insufficiencies, Defendant "requests an order that Dr. Oakes's testimony be limited to the facts, findings, and opinions contained in his treating records."[2]

---

[2] Defendant elsewhere in his motion prays for this relief only in the alternative, seeking that "portions of Plaintiff's Expert Designation of Expert Witnesses be stricken from the record and that Dr. Luther Oakes not be allowed to testify regarding any matters for which an expert report was required or for which the Designation did not provide a summary

In his response to the motion, Plaintiff's counsel asserts that Dr. Oakes is only "a treating physician of Plaintiff, Darrel Haley, and the basis of his testimony and opinions are set forth in his detailed medical records which have been produced to Defendant. Exhibits 2 and 3." Further, Plaintiff's counsel acknowledges that any proposed testimony on the subjects of further medical care and life expectancy is moot now that Mr. Haley is deceased. According to Plaintiff's counsel, Dr. Oakes' proposed testimony is only that which is "contained in [Dr. Oakes] medical records including testimony in connection with facts during the care and treatment of Mr. Haley, his diagnoses, causation of his injuries, and prognosis prior to his death." Def.'s Br. at 2.

In his reply, Defendant asserts that to the extent Oakes is a treater and seeks to only offer facts and opinions that are actually reflected in his disclosed treatment records, it has no objection to that testimony. However, the Defendant asserts that those medical records do not, in fact, contain causation opinions or prognosis opinions. Moreover, some of the records are not even Dr. Oakes' treatment records, but those of a different health care provider.

**II.     Analysis**

Rule 26 of the Federal Rules of Civil Procedure and Local Uniform Civil Rule 26 govern the sufficiency of expert designations. In accord therewith, medical experts who are specially retained for the litigation must provide signed expert reports delineating considerable specific information concerning what they propose to testify to at trial. Dr. Oakes is not designated as a retained expert and has not provided a signed report or otherwise complied with the disclosure rules for retained experts. On the other hand, it does appear that Dr. Oakes treated the deceased Mr. Haley in the past on at least several occasions, and his medical records reflecting the same have been disclosed to Defendant. Accordingly, while no separate summary of the facts and

---

of the facts and opinions to which Dr. Oakes is expected to testify. In the alternative, Defendant prays that Dr. Oakes' testimony be limited to the facts, findings, and opinions contained in his treating records."

opinions of Dr. Oakes was provided within his designation as is required Rule 26(a)(2)(C), of non-retained treating expert witnesses, because Dr. Oakes' relatively meager treatment records were timely provided, then—to the extent they actually reflect such opinions and or facts—I find that there is no prejudice demonstrated to either party.

### III. Conclusion

In conclusion, I find that the only medical facts and opinions that have been sufficiently disclosed on behalf of Dr. Oakes are such facts or opinions, if any, that actually appear in the disclosure of Dr. Oakes as an expert or are contained within the medical records of Dr. Oakes.[3] Accordingly, it is ordered that the motion to strike is denied as to any facts and opinions of Dr. Oakes as are actually reflected in his treatment records or the expert disclosure. Except as denied, the motion to strike is granted.

**SO ORDERED**, this the 25th day of April, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Though the Defendant noted in his reply that a number of the produced medical records from the Oakes medical facilities reflect actual treatment by a provider other than Dr. Oakes, this argument was not raised by movant until his reply. Accordingly, it is not properly before the undersigned nor has Plaintiff had an opportunity to address it.